Smith, J.
We are of the opinion that if the evidence in this case had shown that the defendant in error, Pagels, after the dismissal of the appeal taken by the defendants, Fischer and others, in the original action brought by Pagels against them before the justice of the peace,on the ground that it was not filed in time, that failed to comply with the provisions of sec. 6586, Rev. Stats.,and to have a transcript docketed,and the other steps therein pointed out taken, that he was not entitled, on the authority of Gimperling v. Hanes, 40 Ohio St., 114, to a judgment in this case against the plaintiff in error, Rudershauer. But the question was not fairly presented by the record before us. ’ It is true that-the petition filed by Pagels against the surety, did not allege that these steps had been taken, but there was no demurrer filed to his petition, and if the evidence had shown that such steps had been taken, the court would have been authorized to hold the surety liable on her appeal bond.
It may be that the question was sought to be raised on *328 the motion of the defendant below, interposed at the close of the evidence for the plaintiff, in effect asking for a judgment in hér favor. But tbe difficulty on this point is, that it is apparent that we have not before us in tbe bill of exceptions all of the evidence offered by the plaintiffs. The docket of the justice of the peace in the original case, was offered in evidence, and read A copy of this is not given. It might have shown that under sec. 6589, on the dismissal’ of the appeal by the common pleas, a transcript had been filed by Pagels after the appeal was dismissed, and the case remanded to the justice to be proceeded with as if no appeal had been taken.
Keam & Keam, Attorneys for Plaintiff in Error.
Burch, Johnson & Holmes, Attorneys for Defendant in Error.
In addition to this the same and additional facts may have been shown by the two affidavits offered in evidence by the defendant herself, and which are not made part of the bill of exceptions.
We therefore, with some reluctance, feel compelled to affirm the judgment.